SEAN A. LINCOLN (SBN 136387)
I. NEEL CHATTERJEE (SBN 173985)
THOMAS J. GRAY (SBN 191411)
DANIEL J. WEINBERG (SBN 227159)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

DAVID TAUBER (SBN 78385)
INXIGHT SOFTWARE, INC.
500 Macara Avenue
Sunnyvale, CA 94085
Telephone: 408-738-6200
Facsimile: 408-738-6203

Attorneys for Plaintiff and Counter-Defendants
INXIGHT SOFTWARE, INC and ALPHA LUK

RONALD S. KATZ (SBN 085713)
CHRISTOPHER L. WANGER (SBN 164751)
RYAN S. HILBERT (SBN 210549)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

PERRY J. NARANCIC (SBN 206820)
VERITY, INC.
894 Ross Drive
Sunnyvale, CA 94089
Telephone: (408) 541-1500

Attorneys for Plaintiff, VERITY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VERITY, INC., a Delaware corporation

Plaintiff,

v.

INXIGHT SOFTWARE, INC., a Delaware corporation, and ALPHA LUK

Defendants.

Case No. C-04-5387 CRB

**JOINT REQUEST RE CASE SCHEDULE AND ~~[PROPOSED]~~ ORDER**

INXIGHT SOFTWARE, INC., a Delaware corporation,

Plaintiff

v.

VERITY, INC., a Delaware corporation,

Defendant.

Case No. C 05-01660 CRB

AND RELATED COUNTERCLAIMS

**I. INTRODUCTION**

On May 27, 2005 the parties appeared before the Court for a Scheduling Conference concerning Inxight Software, Inc.'s preliminary injunction motion in Case Number C05-01660. At the conference the Court consolidated the parties' two cases, Case Nos. C05-01660 CRB and C04 - 05387 CRB and further ordered that the trial for both cases would occur on October 11, 2005. Verity requested that the trial date be set for December 5, the trial date previously set by the court in the first filed federal Case No. C04 - 05387 CRB, which request was denied. Subsequently, the parties conferred in an attempt to agree on a Schedule for both cases. The parties, however, were unable to do so, and hereby request that the Court set a schedule based on the proposed schedules set forth below to govern the two consolidated cases. The parties have also provided brief statements concerning their proposed schedules. Verity also requests that the Court continue by one week the current trial date and pre-trial conference to accommodate a pre-existing trial scheduled in another case being handled by Verity's lead counsel, Ronald Katz. Mr. Katz is set for a two-week trial in the case of *Flying J, Inc. v. The People of The State California* (Kern County Case No, 250116 SPC). Verity's counsel was unaware that the Court intended to set a trial date at the time of the May 27 Scheduling Conference concerning Inxight Software, Inc.'s preliminary injunction motion and was further unaware of the conflict created by the new trial date.

**II. THE PROPOSED SCHEDULES**

**VERITY'S PROPOSED SCHEDULE**

| EVENT | VERITY'S PROPOSED SCHEDULE |
|---|---|
| Fact Discovery Cut Off | September 2 |
| Initial Expert Reports | September 2 |
| Rebuttal Expert Reports | September 23 |
| Last Day to File Joint Pre-Trial Order | October 4, 2005 (Per Court's Guidelines) |
| Last Day for Hearing on Dispositive Motion | October 7, 2005 |
| Pre-Trial Hearing | October 11, 2005 |

| EVENT | VERITY'S PROPOSED SCHEDULE |
| --- | --- |
| Trial Date | October 18, 2005 |

**A. Verity's Statement**

Inxight's strategy throughout this case has been to prevent Verity from doing the discovery it needs to prosecute its claims and defend against Inxight's claims. Previously, this strategy entailed the filing of numerous questionable pleadings, including an anti-SLAPP motion in Case No. C05-01660 CRB before it was removed. Inxight's anti-SLAPP motion was denied but had the effect under C.C.P. section 425.16(g) of imposing a two-month stay on discovery in Case No. C05-01660 CRB. Subsequently, Inxight filed a motion to stay Case No. C04 - 05387 CRB, which motion Inxight then withdrew.

Inxight's proposed discovery schedule below - which calls for discovery to close in both cases in just 50 days - is further evidence of its strategy. Fundamental due process requires that discovery not close before September 2. Prior to September 2, Verity, for its part, needs to take 20 depositions in the two cases, including third-party depositions, and requires a complete production of documents from Inxight and Alpha Luk in advance of the depositions. All of this must be done during the summer months when many people will be on vacation. To date, Inxight has stonewalled Verity on its document production, while Verity, for its part, has produced over 50,000 pages of documents. Inxight was required to produce on May 24 all documents responsive to Verity's comprehensive Rule 34 request in Case No. C04 - 05387 CRB. To date, Inxight has produced exactly 1 document consisting of a single page. Among other basic documents, Inxight has not produced the source code to its software that Verity's expert needs to prepare his report. Inxight has further interposed meritless objections to Verity's production requests ensuring that Verity will be forced to file motions to compel in advance of receiving all responsive documents further delaying discovery. By last week, Inxight was required to produce all documents responsive to a comprehensive document subpoenas served by Verity in Case No. C05-01660. To date, Inxight has produced only 418 pages of documents in response to the

subpoenas, for a total of 419 pages in both actions. Again, Inxight has interposed meritless objections to Verity's documents subpoenas ensuring that Verity also will be forced to file motions to compel in Case No. C05-01660 further delaying discovery. Neither party has yet taken a deposition. For all of these reasons, the Court should not further compress an already compressed discovery schedule.

**INXIGHT'S PROPOSED SCHEDULE**

| EVENT | INXIGHT'S PROPOSAL |
|---|---|
| Close of Fact Discovery | July 29, 2005 |
| Deadline to File Dispositive Motions | August 5, 2005 |
| Deadline to Exchange Expert Report | August 5, 2005 |
| Deadline to Exchange Rebuttal Expert Report and Close of Expert Discovery | August 19, 2005 |
| Last Day to Hear Dispositive Motions | September 9, 2005 |
| Deadline to Meet & Confer Re Exhibits | September 23, 2005 |
| Deadline to File Pre-Trial Materials Pursuant to Court's Standing Order | September 27, 2005 |
| Pre-Trial Conference | October 4, 2005 |
| Trial | October 11, 2005 |

**A. <u>Inxight's Statement</u>**

Inxight believes that in order to litigate the two cases in a logical and orderly fashion, fact discovery should close first, followed by a short period to complete expert discovery, which should be completed contemporaneously with the briefing for dispositive motions. By scheduling the case in this manner, the parties will know the universe of relevant facts and opinions before summary judgment motions are briefed, thus minimizing the likelihood that surreply or supplemental briefs will be needed. Additionally, setting an earlier date for close of fact discovery will give the parties time to file and argue any motions to compel and provide the time necessary to perform any follow up discovery ordered by the Court. Delaying the close of fact discovery until early September and expert discovery until mere weeks before trial will lead to the filing of a number of expedited motions as the parties scramble to compel discovery and

supplement summary judgment briefs, all while simultaneously attempting to complete fact and expert discovery on the eve of trial. Despite Verity's concerns, the parties can complete fact discovery by the end of July and expert discovery in August. If the parties comply with their discovery obligations in good faith, these cases can be litigated in a timely and orderly manner.

Despite Verity's unfounded claim, Inxight has not tried to prevent or delay Verity's discovery. Rather, Verity did that on its own accord by waiting approximately seven months to serve any discovery in Inxight's case and four months to serve discovery in its own case. Inxight has only produced a few documents so far simply because Verity only recently started asking for documents. Inxight is actively collecting documents in a good faith effort to satisfy its discovery obligations. Verity's claim that Inxight's motions delayed its discovery is a red-herring and is unsupported by the facts. Inxight filed its anti-SLAPP motion in early February and it was ruled on by the Court in late March. Verity had ample time to serve discovery in both cases before the motion. Yet it did not. Instead, it waited until weeks after the motion was decided to initiate discovery in both cases. Moreover, it was Inxight's position that the anti-SLAPP motion only stayed discovery as to limited portions of Case No. C05-01660. It was Verity that claimed that all discovery was stayed. Finally, neither of Inxight's motions prevented Verity from propounding discovery in Case No. C04-05387.

Dated: June 9, 2005

Respectfully submitted,

I. NEEL CHATTERJEE
SEAN A. LINCOLN
THOMAS GRAY
DANIEL J. WEINBERG
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/

Thomas J. Gray
Attorneys for Plaintiff and Counter-Defendants
INXIGHT SOFTWARE, INC. and ALPHA LUK

Dated: June 9, 2005

RONALD S. KATZ
CHRISTOPHER L. WANGER
RYAN S. HILBERT
MANATT, PHELPS & PHILLIPS, LLP

/s/

Christopher L. Wanger
Attorneys for Plaintiff
VERITY, INC.

**ORDER**

The Court has considered the parties' joint submission and reviewed the proposed case schedules and hereby orders that the two consolidated cases, Case Nos. C05-01660 CRB and C04 - 05387 CRB, shall be governed by [the schedule proposed by [Inxight] ~~[Verity]] [or alternatively] [the following schedule:].~~

IT IS SO ORDERED:

Dated: June 10, 2005

UNITED STATES DISTRICT COURT
APPROVED
Charles R. Breyer
NORTHERN DISTRICT OF CALIFORNIA

[...]les R. Beyer
[...]tates District Court