UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERITY, INC, et al., | No. C 04-5387 CRB (JL)<br>C 05-1660 |
| Plaintiffs, | Consolidated Cases |
| v. | **DISCOVERY ORDER** |
| INXIGHT SOFTWARE, INC, | **(Granting Docket #49 in C-05-1660,<br>denying Docket # 45 in C-04-5387)** |
| Defendants. | |

**Introduction**

The Court received the parties' letter briefs which were also e-filed. Verity filed its letter brief as Docket # 45 in C-04-5387, Inxight filed its letter brief as Docket # 49 in C-05-1660. After reviewing the letter briefs, the Court finds no justification for intervention at this time. All discovery in this case was referred by the district judge (Hon. Charles R. Breyer) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. The Pretrial Conference is scheduled for November 29, 2005 and jury trial for December 5.

Judge Breyer denied Verity's application to continue by 60 days the pretrial dates and trial, ruling:

"Verity's ex parte motion to continue the trial date or in the alternative continue the deadlines for expert discovery is DENIED without prejudice. Verity may renew its motion if its motion to compel is granted and it believes in good faith that it can show

that it is unable to comply with the current schedule because of Inxight's failure to produce discovery that the court ultimately ordered it to compel. In the meantime, the parties may stipulate to modify the discovery schedule." (Order filed July 8, 2005)

### Discovery Dispute: Analysis

Verity by its letter brief to this court seeks to compel responses to its interrogatories in the LXP and KeyView cases. Even though Inxight initially objected on the basis that they were compound and contained an impermissible number of subparts, it will respond to these interrogatories. Therefore the Court need not rule on this portion of Verity's request. Inxight shall respond within one week of service of this order.

Inxight continues to object to Interrogatories 14, 15, 16 and 17, which call for all facts that support denials of certain of Verity's requests for admission. Inxight contends that such interrogatories are unreasonably burdensome. *Safeco of America v. Rawstron*, 181 F.R.D. 441,447 (C.D.Cal. 1998)(When responding to requests for admissions, explanation generally is unnecessary. "The answer [to a request for admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed.R.Civ.P. 36(a). "Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." 8A Wright, Miller & Marcus § 2258 at 546-547; see United Coal Companies v. Powell Construction Co., 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should not be used unless the statement of facts sought to be admitted is phrased so that it can be admitted or denied without explanation."). Explanation is only required if the party cannot truthfully admit or deny. *Id.*

In the case at bar, ordering Inxight to explain or elaborate on its responses to Verity's requests for admissions defeats the purpose of RFAs. Verity should have framed its RFAs in a way to obtain the simplest and most direct yet complete response.

Inxight also objects to LXP interrogatories 10-16 and 19-20 on the same basis. The Court cannot rule on this objection or the request to compel a response without seeing the interrogatories in question and denies this part of Verity's motion without prejudice to renewal later,  with the strong suggestion that the parties continue to negotiate a resolution themselves.

1  Judge Breyer has denied continuance of the pretrial and trial deadlines. This case is
2  proceeding and the parties should do likewise.
3     Inxight continues to object to LXP Interrogatory No. 22, which seeks identification of all
4  damages suffered by Inxight. Since its expert is still conducting its analysis, Inxight objects to
5  this Interrogatory as premature. The Court denies without prejudice Verity's request for an
6  order compelling a response to this interrogatory, and reminds Inxight of its ongoing duty to
7  supplement interrogatory responses as new information becomes available.
8     Inxight objects to Verity's Rule 45 documents-only subpoenas on the basis that they are
9  improper when served on a party to litigation. *Alper v. United States*, 190 F.R.D. 281, 283 (D.
10 Mass. 2000); *Hasbro, Inc. V Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996). Verity contends
11 that subpoenas are a viable alternative to document requests pursuant to FRCP 34, if a party
12 seeks discovery from another party on an expedited basis.
13    The Court reviewed the plain text of Rule 45 and the Advisory Committee notes and
14 concludes that the drafters of Rule 45 assumed that subpoenas under its provisions would be
15 directed to non-parties. For instance, the Advisory Committee states that the purpose of the
16 1991 amendment was in part " to facilitate access outside the deposition procedure provided
17 by Rule 30 to documents and other information in the possession of persons *who are not*
18 *parties.*" (Emphasis added). Further on: "Paragraph (a)(1) authorizes the issuance of a
19 subpoena *to compel a non-party* to produce evidence independent of any deposition."
20 (Emphasis added), *Federal Civil Judicial Procedure and Rules*, Thomson West 2005 at
21 pages 218-219. Accordingly, Verity's document subpoenas directed to Inxight are improper
22 and Inxight should respond as if to Rule 34 requests for production.
23    With respect to Verity's requests for admissions, Inxight objects that it cannot discern
24 what Verity is asking, since Verity did not identify each product in the suite of products which
25 comprises LinguistX in the KeyView license. Inxight also claims not to be familiar with the
26 Verity products listed in LXP Request Nos. 32-68 and consequently unable to respond.

The Court urges Verity to re-propound its requests with the missing information. The Court reminds Inxight that documents or information which are withheld during discovery will likely be excluded at trial.

Accordingly as stated above, the motion by Verity to compel further discovery from Inxight is denied.

IT IS SO ORDERED.

DATED: August 16, 2005

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\04-5387\ord-deny-dkt#45-grant-49.wpd