1   ORRICK, HERRINGTON & SUTCLIFFE, LLP
    SEAN A. LINCOLN (SBN 136387)
2   I. NEEL CHATTERJEE (SBN 173985)
    THOMAS J. GRAY (SBN 191411)
3   DANIEL J. WEINBERG (SBN. 227159)
    1000 Marsh Road,
4   Menlo Park, CA  94025
    Telephone:   (650) 614-7400
5   Facsimile:   (650) 614-7401

6   DAVID TAUBER (SBN 78385)
    INXIGHT SOFTWARE, INC.
7   500 MACARA AVENUE
    SUNNYVALE, CA 94085
8   Telephone: (408) 738-6200
    Facsimile:  (408) 738-6203
9
    Attorneys for Defendant,
10  INXIGHT SOFTWARE, INC.

MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (SBN 085713)
CHRISTOPHER L. WANGER (SBN 164751)
MICHELLE GILLETTE (SBN 178734)
JOHN P. KERN (SBN  206001)
1001 Page Mill Road, Building 2
Palo Alto, CA  94304-1006
Telephone:   (650) 812-1300
Facsimile:   (650) 213-0260

Attorneys for Plaintiff,
VERITY, INC.

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  VERITY, INC., a Delaware corporation,

16              Plaintiff,

17       v.

18  INXIGHT SOFTWARE, INC., a Delaware
    corporation
19
20              Defendant.

Case No.       C 04-05387 SC

**PARTIES' JOINT JURY INSTRUCTIONS INCLUDING CITATIONS**

Trial Date:  January 17, 2006
Time:         9:30 a.m.
Judge:        Hon. Samuel Conti

21

22

23

24

25

26

27

28

# Table of Contents

**Page**

JURY INSTRUCTION NO. 1, DUTY OF JURY .................................................................................1

JURY INSTRUCTION NO. 2, WHAT IS EVIDENCE ...........................................................................2

JURY INSTRUCTION NO. 3, WHAT IS NOT EVIDENCE ....................................................................3

JURY INSTRUCTION NO. 4, EVIDENCE FOR LIMITED PURPOSE .......................................................4

JURY INSTRUCTION NO. 5, DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................5

JURY INSTRUCTION NO. 6, RULING ON OBJECTIONS .....................................................................6

JURY INSTRUCTION NO. 7, CREDIBILITY OF WITNESSES ...............................................................7

JURY INSTRUCTION NO. 8, CONDUCT OF THE JURY .......................................................................8

JURY INSTRUCTION NO. 9, NO TRANSCRIPT AVAILABLE TO JURY ..................................................9

JURY INSTRUCTION NO. 10, TAKING NOTES ..............................................................................10

JURY INSTRUCTION NO. 11, OUTLINE OF TRIAL .........................................................................11

JURY INSTRUCTION NO. 12, BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE ...................12

JURY INSTRUCTION NO. 13, BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE ..................13

JURY INSTRUCTION NO. 14, QUESTIONS TO WITNESSES BY JURORS .............................................14

JURY INSTRUCTION NO. 15, CAUTIONARY INSTRUCTION – FIRST RECESS .....................................15

JURY INSTRUCTION NO. 16, BENCH CONFERENCES AND RECESSES ...............................................16

JURY INSTRUCTION NO. 17, STIPULATIONS OF FACTS .................................................................17

JURY INSTRUCTION NO. 18, JUDICIAL NOTICE ...........................................................................18

JURY INSTRUCTION NO. 19, THE POSITION OF SUBSTANTIVE EVIDENCE .......................................19

JURY INSTRUCTION NO. 20, USE OF INTERROGATORIES OF A PARTY .............................................20

JURY INSTRUCTION NO. 21, DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ...........................21

JURY INSTRUCTION NO. 22, WHAT IS EVIDENCE .......................................................................22

JURY INSTRUCTION NO. 23, WHAT IS NOT EVIDENCE .................................................................23

JURY INSTRUCTION NO. 24, DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................24

JURY INSTRUCTION NO. 25, CREDIBILITY OF WITNESSES ...........................................................25

JURY INSTRUCTION NO. 26, OPINION EVIDENCE, EXPERT WITNESSES ..........................................26

JURY INSTRUCTION NO. 27, CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE .....................27

JURY INSTRUCTION NO. 28, CHARTS AND SUMMARIES IN EVIDENCE ...........................................28

JURY INSTRUCTION NO. 29, TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS .........................29

JURY INSTRUCTION NO. 30, IMPEACHMENT EVIDENCE - WITNESS ...............................................30

JURY INSTRUCTION NO. 31, DUTY TO DELIBERATE .....................................................................31

JURY INSTRUCTION NO. 32, USE OF NOTES ...............................................................................32

JURY INSTRUCTION NO. 33, COMMUNICATION WITH COURT .......................................................33

JURY INSTRUCTION NO. 34, RETURN OF VERDICT .....................................................................34

JURY INSTRUCTION NO. 35, BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE .................35

JURY INSTRUCTION NO. 36, BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE .................36

JURY INSTRUCTION NO. 37, COMPLETE AFFIRMATIVE DEFENSE ......................................................37

JURY INSTRUCTION NO. 38, DAMAGES - PROOF .................................................................................38

JURY INSTRUCTION NO. 39, DAMAGES - LITIGATION ........................................................................39

JURY INSTRUCTION NO. 40, REQUESTS FOR ADMISSIONS ...............................................................40

JURY INSTRUCTION NO. 41, CONTENTIONS OF THE PARTIES - GENERALLY ....................................41

JURY INSTRUCTION NO. 42, COPYRIGHT INFRINGEMENT - INTRODUCTION ....................................42

JURY INSTRUCTION NO. 43, PRELIMINARY INSTRUCTION - COPYRIGHT .........................................43

JURY INSTRUCTION NO. 44, COPYRIGHT – DEFINED (17 U.S.C. § 106) ...........................................45

JURY INSTRUCTION NO. 45, COPYRIGHT INFRINGEMENT – ELEMENTS OWNERSHIP AND
COPYING 17 U.S.C. §§ 501(A)-(B) .......................................................................................................46

JURY INSTRUCTION NO. 46, COPYRIGHT INFRINGEMENT – OWNERSHIP OF VALID COPYRIGHT
– DEFINITION – 17 U.S.C. §§ 201-205 ...............................................................................................47

JURY INSTRUCTION NO. 47, COPYRIGHT INFRINGEMENT – DEFINITION – COPYING – ACCESS
AND SUBSTANTIAL SIMILARITY .........................................................................................................48

JURY INSTRUCTION NO. 48, SUBSTANTIAL SIMILARITY – EXTRINSIC TEST; INTRINSIC TEST ...........49

JURY INSTRUCTION NO. 49, BREACH OF WRITTEN CONTRACT .........................................................50

JURY INSTRUCTION NO. 50, ELEMENTS OF CLAIM FOR BREACH OF CONTRACT .............................51

JURY INSTRUCTION NO. 51, MATERIAL BREACH OF CONTRACT .......................................................52

JURY INSTRUCTION NO. 52, CONTRACT INTERPRETATION – MEANING OF ORDINARY WORDS .........53

JURY INSTRUCTION NO. 53, CONTRACT INTERPRETATION – MEANING OF TECHNICAL WORDS .......54

JURY INSTRUCTION NO. 54, CONTRACT INTERPRETATION – CONSTRUCTION OF CONTRACT AS
A WHOLE ............................................................................................................................................55

JURY INSTRUCTION NO. 55, CONTRACT INTERPRETATION – CONSTRUCTION BY CONDUCT ............56

JURY INSTRUCTION NO. 56, CONTRACT INTERPRETATION - UNEXPRESSED INTENT .......................57

JURY INSTRUCTION NO. 57, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING ..............58

JURY INSTRUCTION NO. 58, WAIVER ..................................................................................................59

JURY INSTRUCTION NO. 59, ESTOPPEL ..............................................................................................60

JURY INSTRUCTION NO. 60, LACHES ..................................................................................................61

JURY INSTRUCTION NO. 61, UNCLEAN HANDS ..................................................................................62

JURY INSTRUCTION NO. 62, DAMAGES - INTRODUCTION ..................................................................64

JURY INSTRUCTION NO. 63, DAMAGES ..............................................................................................65

JURY INSTRUCTION NO. 64, NOMINAL DAMAGES .............................................................................66

JURY INSTRUCTION NO. 65, COPYRIGHT – DAMAGES (17 U.S.C. §504) ........................................67

JURY INSTRUCTION NO. 66, COPYRIGHT – DAMAGES – ACTUAL DAMAGES (17 U.S.C. §
504(B)) ..............................................................................................................................................68

JURY INSTRUCTION NO. 67, COPYRIGHT – DAMAGES – DEFENDANTS PROFITS (17 U.S.C. §
504(B)) ..............................................................................................................................................69

JURY INSTRUCTION NO. 68, COPYRIGHT DAMAGES – STATUTORY DAMAGES- WILLFUL
INFRINGEMENT – INNOCENT INFRINGEMENT (17 U.S.C. § 504 (C)) ..................................................70
JURY INSTRUCTION NO. 69, MODIFICATION OF INSTRUCTION WHEN WILLFUL INFRINGEMENT
ALLEGED .....................................................................................................................................71

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 1**

**<u>Duty of Jury</u>**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.[1]

---

[1] Ninth Circuit Model Jury Instructions No. 1.1.

1

**JURY INSTRUCTION NO. 2**

2

**<u>What Is Evidence</u>**

3

The evidence you are to consider in deciding what the facts are consists of:

4

(1) the sworn testimony of any witness;

5

(2) the exhibits which are received into evidence; and

6

(3) any facts to which the lawyers stipulate.[2]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] Ninth Circuit Model Jury Instructions No. 1.3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 3**

**<u>What Is Not Evidence</u>**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.[3]

---

[3]  Ninth Circuit Model Jury Instructions No. 1.4.

1

**JURY INSTRUCTION NO. 4**

2

**<u>Evidence for Limited Purpose</u>**

3          Some evidence may be admitted for a limited purpose only. When I instruct you that an

4    item of evidence has been admitted for a limited purpose, you must consider it only for that

5    limited purpose and for no other.[4]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] Ninth Circuit Model Jury Instructions No. 1.5.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 5**

**<u>Direct and Circumstantial Evidence</u>**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.[5]

---

[5] Ninth Circuit Model Jury Instructions No. 1.6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 6**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.[6]

---

[6] Ninth Circuit Model Jury Instructions No. 1.7.

1

**JURY INSTRUCTION NO. 7**

2

**<u>Credibility of Witnesses</u>**

3          In deciding the facts in this case, you may have to decide which testimony to believe and

4   which testimony not to believe. You may believe everything a witness says, or part of it, or none

5   of it.

6          In considering the testimony of any witness, you may take into account:

7          (1) the opportunity and ability of the witness to see or hear or know the things testified

8   to;

9          (2) the witness' memory;

10         (3) the witness' manner while testifying;

11         (4) the witness' interest in the outcome of the case and any bias or prejudice;

12         (5) whether other evidence contradicted the witness' testimony;

13         (6) the reasonableness of the witness' testimony in light of all the evidence; and

14         (7) any other factors that bear on believability.

15         The weight of the evidence as to a fact does not necessarily depend on the number of

16  witnesses who testify.[7]

17

18

19

20

21

22

23

24

25

26

27

28

---

[7]  Ninth Circuit Model Jury Instructions No. 1.8.

**JURY INSTRUCTION NO. 8**

**<u>Conduct of the Jury</u>**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.[8]

---

[8] Ninth Circuit Model Jury Instructions No. 1.9.

1

**JURY INSTRUCTION NO. 9**

2

**<u>No Transcript Available to Jury</u>**

3

   At the end of the trial, you will have to make your decision based on what you recall of

4

the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the

5

testimony as it is given.[9]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[9]  Ninth Circuit Model Jury Instructions No. 1.10.

1

**JURY INSTRUCTION NO. 10**

2

<u>**Taking Notes**</u>

3        If you wish, you may take notes to help you remember what witnesses said. If you do take

4 notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide

5 the case. Do not let note-taking distract you so that you do not hear other answers by witnesses.

6 When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury

7 room].

8        Whether or not you take notes, you should rely on your own memory of what was said.

9 Notes are only to assist your memory. You should not be overly influenced by the notes.[10]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  [10]  Ninth Circuit Model Jury Instructions No. 1.11.

1

**JURY INSTRUCTION NO. 11**

2

**<u>Outline of Trial</u>**

3          The next phase of the trial will now begin. First, each side may make an opening

4   statement. An opening statement is not evidence. It is simply an outline to help you understand

5   what that party expects the evidence will show. A party is not required to make an opening

6   statement.

7          The plaintiff will then present evidence, and counsel for the defendant may cross-

8   examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-

9   examine.

10         After the evidence has been presented, [I will instruct you on the law that applies to the

11   case and the attorneys will make closing arguments] [the attorneys will make closing arguments

12   and I will instruct you on the law that applies to the case].

13         After that, you will go to the jury room to deliberate on your verdict.[11]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[11]   Ninth Circuit Model Jury Instructions No. 1.12.

1

**JURY INSTRUCTION NO. 12**

2

**<u>Burden of Proof—Preponderance of the Evidence</u>**

3          When a party has the burden of proof on any claim [or affirmative defense] by a

4   preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or

5   affirmative defense] is more probably true than not true.

6          You should base your decision on all of the evidence, regardless of which party presented

7   it.[12]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [12] Ninth Circuit Model Jury Instructions No. 1.13.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 13

### <u>Burden of Proof—Clear and Convincing Evidence</u>

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.[13]

---

[13] Ninth Circuit Model Jury Instructions No. 1.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 14

### Questions to Witnesses by Jurors

While it is not customary for a juror to ask a question of a witness, if you wish to do so, put the question in writing and hand it to the [marshal] [bailiff] [clerk] [law clerk].

The court and counsel will review your question. Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the [marshal] [bailiff] [clerk] [law clerk]. Remember that you are not to discuss the case with other jurors until it is submitted for your decision.[14]

---

[14]  Ninth Circuit Model Jury Instructions No. 1.15.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. 15

### **Cautionary Instruction—First Recess**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.[15]

---

[15]  Ninth Circuit Model Jury Instructions No. 2.1.

1

**JURY INSTRUCTION NO. 16**

2

**Bench Conferences and Recesses**

3      From time to time during the trial, it may become necessary for me to talk with the

4  attorneys out of the hearing of the jury, either by having a conference at the bench when the jury

5  is present in the courtroom, or by calling a recess. Please understand that while you are waiting,

6  we are working. The purpose of these conferences is not to keep relevant information from you,

7  but to decide how certain evidence is to be treated under the rules of evidence and to avoid

8  confusion and error.

9      We will, of course, do what we can to keep the number and length of these conferences to

10  a minimum. I may not always grant an attorney's request for a conference. Do not consider my

11  granting or denying a request for a conference as any indication of my opinion of the case or of

12  what your verdict should be.[16]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
[16]  Ninth Circuit Model Jury Instructions No. 2.2.

1

**JURY INSTRUCTION NO. 17**

2

<u>**Stipulations of Fact**</u>

3

  The parties have agreed to certain facts that have been stated to you. You should therefore

4

treat these facts as having been proved.[17]

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[17] Ninth Circuit Model Jury Instructions No. 2.4.

1

**JURY INSTRUCTION NO. 18**

2

**<u>Judicial Notice</u>**

3

The court has decided to accept as proved the fact that [e.g., the city of San Francisco is

4

north of the city of Los Angeles], even though no evidence has been introduced on the subject.

5

You must accept this fact as true.[18]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[18]  Ninth Circuit Model Jury Instructions No. 2.5.

1

**JURY INSTRUCTION NO. 19**

2

**Deposition as Substantive Evidence**

3      [When a person is unavailable to testify at trial, the deposition of that person may be used

4   at the trial.] A deposition is the sworn testimony of a witness taken before trial. The witness is

5   placed under oath to tell the truth and lawyers for each party may ask questions. The questions

6   and answers are recorded.

7      The deposition of [*witness*], which was taken on [*date*], is about to be presented to you.

8   Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible,

9   in the same way as if the witness had been present to testify.

10      [Do not place any significance on the behavior or tone of voice of any person reading the

11   questions or answers.][19]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [19]  Ninth Circuit Model Jury Instructions No. 2.6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 20**

**Use of Interrogatories of a Party**

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.[20]

---

[20]  Ninth Circuit Model Jury Instructions No. 2.13.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 21

### Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return— that is a matter entirely up to you.[21]

---

[21] Ninth Circuit Model Jury Instructions No. 3.1.

1

**JURY INSTRUCTION NO. 22**

2

**What Is Evidence**

3

The evidence from which you are to decide what the facts are consists of:

4

(1) the sworn testimony of any witness;

5

(2) the exhibits which have been received into evidence; and

6

(3) any facts to which the lawyers have agreed or stipulated.[22]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[22] Ninth Circuit Model Jury Instructions No. 3.2.

**JURY INSTRUCTION NO. 23**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.[23]

---

[23]  Ninth Circuit Model Jury Instructions No. 3.3.

1

**JURY INSTRUCTION NO. 24**

2

**Direct and Circumstantial Evidence**

3        Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

4    testimony by a witness about what the witness personally saw or heard or did. Circumstantial

5    evidence is proof of one or more facts from which you could find another fact. You should

6    consider both kinds of evidence. The law makes no distinction between the weight to be given to

7    either direct or circumstantial evidence. It is for you to decide how much weight to give to any

8    evidence.[24]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[24]  Ninth Circuit Model Jury Instructions No. 3.5.

1

**JURY INSTRUCTION NO. 25**

2

**<u>Credibility of Witnesses</u>**

3       In deciding the facts in this case, you may have to decide which testimony to believe and

4  which testimony not to believe. You may believe everything a witness says, or part of it, or none

5  of it.

6       In considering the testimony of any witness, you may take into account:

7       (1) the opportunity and ability of the witness to see or hear or know the things testified

8  to;

9       (2) the witness' memory;

10      (3) the witness' manner while testifying;

11      (4) the witness' interest in the outcome of the case and any bias or prejudice;

12      (5) whether other evidence contradicted the witness' testimony;

13      (6) the reasonableness of the witness' testimony in light of all the evidence; and

14      (7) any other factors that bear on believability.

15      The weight of the evidence as to a fact does not necessarily depend on the number of

16  witnesses who testify.[25]

17

18

19

20

21

22

23

24

25

26

27

28

---

[25]  Ninth Circuit Model Jury Instructions No. 3.6.

1

**JURY INSTRUCTION NO. 26**

2

**<u>Opinion Evidence, Expert Witnesses</u>**

3        You have heard testimony from [a] person[s] who, because of education or experience,

4     [is] [are] permitted to state opinions and the reasons for those opinions.

5        Opinion testimony should be judged just like any other testimony. You may accept it or

6     reject it, and give it as much weight as you think it deserves, considering the witness' education

7     and experience, the reasons given for the opinion, and all the other evidence in the case.[26]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[26]  Ninth Circuit Model Jury Instructions No. 3.7.

1

**JURY INSTRUCTION NO. 27**

2

**<u>Charts and Summaries Not Received in Evidence</u>**

3          Certain charts and summaries that have not been received in evidence have been shown to

4   you in order to help explain the contents of books, records, documents, or other evidence in the

5   case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the

6   facts or figures shown by the evidence in the case, you should disregard these charts and

7   summaries and determine the facts from the underlying evidence.[27]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[27]  Ninth Circuit Model Jury Instructions No. 3.9.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 28**

**Charts and Summaries in Evidence**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.[28]

---

[28]   Ninth Circuit Model Jury Instructions No. 3.10.

1

**JURY INSTRUCTION NO. 29**

2

**<u>Two or More Parties—Different Legal Rights</u>**

3

You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless

4

otherwise stated, the instructions apply to all parties.[29]

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[29]   Ninth Circuit Model Jury Instructions No. 3.11.

1

**JURY INSTRUCTION NO. 30**

2

**Impeachment Evidence—Witness**

3

      You have heard evidence that [*witness*], a witness, [e.g. has been convicted of a felony,

4

lied under oath on a prior occasion, etc.]. You may consider this evidence, along with other

5

pertinent evidence, in deciding whether or not to believe this witness and how much weight to

6

give to the testimony of that witness.[30]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[30]  Ninth Circuit Model Jury Instructions No. 3.12.

1

**JURY INSTRUCTION NO. 31**

2

**<u>Duty to Deliberate</u>**

3      When you begin your deliberations, you should elect one member of the jury as your

4   presiding juror. That person will preside over the deliberations and speak for you here in court.

5      You will then discuss the case with your fellow jurors to reach agreement if you can do

6   so. Your verdict must be unanimous.

7      Each of you must decide the case for yourself, but you should do so only after you have

8   considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

9   your fellow jurors.

10      Do not be afraid to change your opinion if the discussion persuades you that you should.

11   Do not come to a decision simply because other jurors think it is right.

12      It is important that you attempt to reach a unanimous verdict but, of course, only if each of

13   you can do so after having made your own conscientious decision. Do not change an honest belief

14   about the weight and effect of the evidence simply to reach a verdict.[31]

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [31]  Ninth Circuit Model Jury Instructions No. 4.1.

1

**JURY INSTRUCTION NO. 32**

2

<u>**Use of Notes**</u>

3          Some of you have taken notes during the trial. Whether or not you took notes, you should

4    rely on your own memory of what was said. Notes are only to assist your memory. You should

5    not be overly influenced by the notes.[32]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    [32]  Ninth Circuit Model Jury Instructions No. 4.2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 33**

**Communication with Court**

   If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone— including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.[33]

---

[33] Ninth Circuit Model Jury Instructions No. 4.3.

1

**JURY INSTRUCTION NO. 34**

2

**<u>Return of Verdict</u>**

3        A verdict form has been prepared for you. [*Any explanation of the verdict form may be

4  *given at this time.*] After you have reached unanimous agreement on a verdict, your presiding

5  juror will fill in the form that has been given to you, sign and date it, and advise the court that you

6  are ready to return to the courtroom.[34]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[34]  Ninth Circuit Model Jury Instructions No. 4.4.

1

**JURY INSTRUCTION NO. 35**

2

**Burden of Proof—Preponderance of the Evidence**

3        When a party has the burden of proof on any claim [or affirmative defense] by a

4  preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or

5  affirmative defense] is more probably true than not true.

6        You should base your decision on all of the evidence, regardless of which party presented

7  it.[35]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[35]  Ninth Circuit Model Jury Instructions No. 5.1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 36**

**<u>Burden of Proof—Clear and Convincing Evidence</u>**

When a party has the burden of proof on any claim [or affirmative defense] by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probable that the claim [or affirmative defense] is true. The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.

You should base your decision on all of the evidence, regardless of which party presented it.[36]

[36] Ninth Circuit Model Jury Instructions No. 5.2.

1

**JURY INSTRUCTION NO. 37**

2

**<u>Complete Affirmative Defense</u>**

3

On any claim, if you find that each of the elements on which the plaintiff has the burden

4

of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also

5

find that the defendant has proved an affirmative defense, in which event your verdict should be

6

for the defendant on that claim.[37]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[37] Ninth Circuit Model Jury Instructions No. 5.3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 38**

**<u>Damages—Proof</u>**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on plaintiff's ____ claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Here insert types of damages. See Instruction 7.2—MEASURES OF TYPES OF DAMAGES*]

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.[38]

---

[38]  Ninth Circuit Model Jury Instructions No. 7.1.

**JURY INSTRUCTION NO. 39**

**<u>Damages—Mitigation</u>**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.[39]

---

[39]  Ninth Circuit Model Jury Instructions No. 7.3.

1

**JURY INSTRUCTION NO. 40**

2

**<u>Requests for Admissions</u>**

3      Before trial, each party has the right to ask another party to admit in writing that certain

4   matters are true.  If the other party admits those matters, you must accept them as true.  No further

5   evidence is required to prove them.[40]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   40   Judicial Council of California No. 210.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 41**

**<u>Contentions of the Parties – Generally</u>**

Verity, Inc., which I will call Verity, is the plaintiff in this lawsuit and Inxight Software, Inc., which I will call Inxight, is the defendant.

Verity asserts the following claims against Inxight:

      1.  Copyright Infringement.

      2.  Unfair Competition under Bus. & Prof. Code §§ 17200 et seq.

      3.  Breach of Contract.

      4.  Breach of the Implied Covenant of Good Faith and Fair Dealing.

Inxight denies each of these claims and asserts numerous defenses, including laches, estoppel and waiver.  Inxight further alleges that it was licensed or otherwise authorized to engage in the activities challenged by Verity.

I am next going to instruct you on the law that applies to each of these claims.

1

**JURY INSTRUCTION NO. 42**

2

**<u>Copyright Infringement - Introduction</u>**[41]

3          Verity contends that Inxight has infringed Verity's copyrights relating to its software

4    product entitled KeyView.

5          Inxight denies that it has improperly copied or infringed anything that is actually protected

6    by Verity's copyrights in KeyView.  Inxight contends that any use by Inxight of Verity's

7    KeyView software product is permissible under the KeyView License Agreements.

8          Verity has the burden of proving by a preponderance of the evidence that Verity is the

9    owner of the copyrights and that Inxight infringed those copyrights.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

41    Kevin F. O'Malley et al., Federal Jury Practice and Instructions (5th ed. 2001), No. 160.70, modified to reflect the parties' contentions in this case.

# JURY INSTRUCTION NO. 43
## Preliminary Instruction—Copyright[42]

The plaintiff, Verity, the owner of a copyright, seeks damages against the defendant, Inxight, for copyright infringement.  The defendant denies infringing the copyright.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF COPYRIGHT

Copyright is the exclusive right to copy.  The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, computer program, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or mask works fixed in semiconductor chip products.

The works involved in this trial are computer programs, that is, a literary work composed of a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result.[43]

### HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work.  After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

---

42   Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.0.

43   Ninth Circuit Manual Of Model Jury Instructions (Civil) -- No. 20.2 (Copyright—Subject Matter (17 U.S.C. § 102).

PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Verity, contends that the defendant, Inxight, has infringed the plaintiff's copyright.  Verity has the burden of proving by a preponderance of the evidence that it is the owner of the copyright and that Inxight copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, or distributes a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

To prove that  Inxight infringed the copyright, Verity may show that Inxight had access to Verity's copyrighted work and that there are substantial similarities between Inxight's work and Verity's copyrighted work.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 44**

**Copyright—Defined (17 U.S.C. § 106)**[44]

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

(1)      authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

(2)      recast, transform, or adapt the work, that is, prepare derivative works based upon the copyrighted work;

(3)      distribute copies of the copyrighted work to the public by sale or other transfer of ownership, including licensing or sublicensing;

It is the owner of a copyright who may exercise these exclusive rights to copy.  The term "owner" includes the author of the work.  In general, copyright law protects against production and distribution of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.  Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

Verity contends that Inxight has infringed Verity's copyrights relating to KeyView.

Inxight denies Verity's allegations.

---

44    Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 45**

**Copyright Infringement—Elements—
Ownership And Copying 17 U.S.C. §§ 501(A)-(B)**

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Verity's copyright infringement claim, Verity has the burden of proving both of the following by a preponderance of the evidence:

      1.     Verity is the owner of a valid copyright; and

      2.     Inxight copied original elements from the copyrighted work without authorization.

If you find that both of the elements on which Verity has the burden of proof have been proved, your verdict should be for Verity.  If, on the other hand, Verity has failed to prove either of these elements, your verdict should be for Inxight.

1

**JURY INSTRUCTION NO. 46**

2

3

**Copyright Infringement—Ownership Of Valid Copyright—Definition—
17 U.S.C. §§ 201-205**[45]

4

Verity is the owner of a valid copyright in its computer software if it proves by a

5

preponderance of the evidence that:

6

            1.        Verity's work is original; and

7

            2.        Verity is the author or creator of the work.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   45   Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.5.

1

**JURY INSTRUCTION NO. 47**

2

**Copyright Infringement—Definition—Copying—Access And Substantial Similarity**[46]

3

4          Verity claims that Inxight copied original elements of Verity's copyrighted work.  Verity

5   has the burden of proving the following elements by a preponderance of the evidence:

6                    1.       that Inxight had access to Verity's copyrighted work; and

7                    2.       that there are substantial similarities between the technology used by

8   Inxight and the original elements of Verity's copyrighted work.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      46    Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.15.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 48**

**<u>Substantial Similarity—Extrinsic Test; Intrinsic Test</u>**[47]

Works are substantially similar if:

      1.    the ideas in the plaintiff's copyrighted work and in the work accused to be infringing are substantially similar; and

      2.    the expression of ideas in the plaintiff's copyrighted work and the expression of ideas in the work accused to be infringing are substantially similar.

The test for expression of ideas is whether an ordinary reasonable person would find the total concept and feel to be substantially similar.

---

[47]   Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.17.

1

**JURY INSTRUCTION NO. 49**

2

**<u>Breach of Written Contract</u>**[48]

3
4
5
6

     Verity seeks to recover damages for alleged breach by Inxight of contracts relating to its copyrighted software known as KeyView.  Verity alleges that Inxight breached the License Agreements by using KeyView in Inxight products in which it was not authorized to use the software, in material breach of the License Agreements.

7

     Inxight denies breaching any term of the License Agreements.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[48] Adapted from Judicial Council of California Civil Jury Instructions – CACI 300.

1

**JURY INSTRUCTION NO. 50**

2

**Elements of Claim for Breach of Contract**[49]

3

To recover damages for the alleged breach of a contract, Verity must prove by a

4

preponderance of the evidence all of the following:

5

        1.  That Verity and Inxight entered into a contract;

6

        2.  That Verity did all, or substantially all of the significant things that the contract

7

            required it to do;

8

        3.  That all conditions required for Verity's performance had occurred;

9

        4.  That Inxight failed to do something that the contract required it to do; and

10

        5.  That Verity was harmed by that failure.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[49]   Judicial Council of California Civil Jury Instructions – CACI 303 ("Breach of Contract – Essential Factual Elements"), modified as shown to include burden of proof and specific factual posture of the case.  Also see Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 51**

**Material Breach of Contract**[50]

A material breach of contract occurs when a party fails to do something that it is bound to do according to the contract and when that failure to perform is so important and central to the contract that it defeats the very purpose of the contract.

When there has been an immaterial or minor breach that may have caused Verity injury or damage, it is possible for you to conclude that Inxight has nevertheless substantially performed the contract.  To find that Inxight substantially performed the contract, you would have to conclude from the evidence that Inxight made a good faith effort that actually achieved the essential purpose of the contract and provide Verity with the fundamental benefits that Verity was supposed to receive from the contract.

Verity may obtain damages for a minor breach, but if no substantial injury is shown, the damages recoverable are only nominal.

---

[50]   Restatement (Second) of Contracts § 241; 9-53 Corbin on Contracts § 946 (2005).

1

**JURY INSTRUCTION NO. 52**

2

**<u>Contract Interpretation – Meaning of Ordinary Words</u>**

3          You should assume that the parties intended the words in their contract to have their usual

4   and ordinary meaning unless you decide that the parties intended the words to have a special

5   meaning.[51]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      51   Judicial Council of California No. 315.

1

**JURY INSTRUCTION NO. 53**

2

<u>**Contract Interpretation – Meaning of Technical Words**</u>

3
        You should assume that the parties intended technical words used in the contract to have

4
the meaning that is usually given to them by people who work in that technical field, unless you

5
decide that the parties clearly used the words in a different sense.[52]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
52    Judicial Council of California No. 316.

1

**JURY INSTRUCTION NO. 54**

2

**Contract Interpretation – Construction of Contract As A Whole**

3        In deciding what the words of a contract meant to the parties, you should consider the

4 whole contract, not just isolated parts.  You should use each part to help you interpret the others,

5 so that all the parts make sense when taken together.[53]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   53   Judicial Council of California No. 317.

1

**JURY INSTRUCTION NO. 55**

2

**<u>Contract Interpretation – Construction By Conduct</u>**[54]

3

      In deciding what the words in a contract meant to the parties, you may consider how the

4

parties acted after the contract was created but before any disagreement between the parties arose.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

54   Judicial Council of California Civil Jury Instructions – CACI 318 ("Interpretation—Construction By Conduct").

1

**JURY INSTRUCTION NO. 56**

2

**<u>Contract Interpretation – Unexpressed Intent</u>**[55]

3       Because intent, including intent to be bound, is seldom susceptible to direct proof because

4  it relates to a person's state of mind, the law presumes that a person intends the natural and

5  probable consequences of that person's acts. The meeting of the minds or the mutual

6  manifestation of intent may be made wholly or partly by written or spoken words or by other acts

7  or conduct, and an internal or unexpressed intention not to be bound is ineffective.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[55]   Kevin F. O'Malley et al., Federal Jury Practice and Instructions (5th ed. 2001), No. 126.01.

1

**JURY INSTRUCTION NO. 57**

2

**Breach of Covenant of Good Faith & Fair Dealing**[56]

3        In every contract or agreement there is an implied promise of good faith and fair dealing.

4   This means that each party will not do anything to unfairly interfere with the right of any other

5   party to receive the benefits of the contract; however, the implied promise of good faith and fair

6   dealing cannot create obligations that are inconsistent with the terms of the contract.

7        Verity claims that even if Inxight did not breach any of the express terms of the License

8   Agreements , Inxight violated the duty to act fairly and in good faith in carrying out its

9   obligations under the contract.

10        To establish this claim, Verity must prove all of the following:

11              1.       That Verity did all, or substantially all of the significant things that the

12   License Agreements required it to do, or that it was excused from having to do those things;

13              2.       That all conditions required for Inxight's performance had occurred;

14              3.       That Inxight unfairly interfered with Verity's right to receive the benefits

15   of the License Agreements; and

16              4.       That Verity was harmed by Inxight's conduct.

17

18

19

20

21

22

23

24

25

26

27

---

[56]   Judicial Council of California Civil Jury Instructions – CACI 325 ("Breach of Covenant of Good Faith and Fair Dealing – Essential Factual

28   Elements"), modified as shown to reflect the dispute in this case.

1

**JURY INSTRUCTION NO. 58**
**Waiver**[57]

2

3    Inxight offers, as a defense to the claims asserted against it, that Verity is barred from

4    alleging wrongdoing because of the doctrine of waiver.

5    Parties to a contract may agree to waive performance requirements of the contract, in

6    which case neither party has the obligation to perform such requirements. A waiver is the

7    intentional relinquishment of a known right after knowledge of all the relevant facts.  A waiver

8    may be inferred by conduct inconsistent with an intent to enforce the right in question.

9    Inxight has the burden of proof on the issue of waiver.  In order to find that Inxight is not

10   liable for breach of a contract requirement, you must find that Inxight has shown by clear and

11   convincing evidence that Verity intended to give up rights under the contract and that such a

12   decision was made after Verity knew all of the relevant facts or Verity's conduct was so

13   inconsistent with an intent to enforce the right as to induce a reasonable belief that the right had

14   been relinquished. If you conclude that Verity agreed to give up or to waive rights without

15   knowing all the relevant facts, that waiver would not be binding on Verity, but neither could

16   Verity claim any benefits that it might have gained through that waiver.

17

18

19

20

21

22

23

24

25

26

27

28   57   Kevin F. O'Malley et al., Federal Jury Practice and Instructions (5th ed. 2001), No. 126.12, modified as shown.

1

**JURY INSTRUCTION NO. 59**

2

<u>**Estoppel**</u>

3      Inxight offers, as a defense to the claims asserted against it, that Verity is barred from

4   alleging wrong because of the doctrine of estoppel.

5      Under the principles of estoppel, a party to a contract is barred from claiming breach of

6   contract if it knew of the alleged breaching conduct, yet led the other party to believe that its

7   actions were not a breach of contract and the other party relied on that belief to its detriment.  The

8   defendant has the burden of proof on the estoppel issue.[58]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      58   See DRG/Beverly Hills, Ltd., 30 Cal. App. 4th 54, 59-60 (1994).

1

**JURY INSTRUCTION NO. 60**

2

<u>Laches</u>

3      The defense of laches has been asserted by Inxight in this lawsuit.  To prevail in the

4  defense of laches, Inxight must prove by a preponderance of the evidence that Verity

5  unreasonably and inexcusably delayed in bringing suit and that the delay caused material

6  prejudice to Inxight.  The period of delay is measured from the time that Verity knew or

7  reasonably should have known of the alleged activities on which Verity bases its claims.  Material

8  prejudice may exist where, in reliance upon the delay in bringing suit, Inxight made a substantial

9  investment in building up its business, or where Inxight would have acted differently had Verity

10 brought its lawsuit earlier.[59]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

59    ; A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1033 (Fed. Cir. 1992) (en banc); Gump's, Inc. v. Byers' Choice, Ltd., 22 U.S.P.Q.2d 1797, 1799 (N.D. Cal. 1992).

**JURY INSTRUCTION NO. 61**

**<u>Unclean Hands</u>**[60]

The doctrine of unclean hands is invoked when a litigant seeking damages has violated a duty of good faith or has acted unconscionably in connection with the same subject matter or relationship out of which the litigant claims a right to damages.  The doctrine demands that a plaintiff act fairly in the matter for which he seeks a remedy.  He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim.

If you find by a preponderance of the evidence that Verity has come into court with "unclean hands," and that its "unclean hands" are related to the case at hand, you may deny that party relief on its claims.

---

60   In re Yarn Processing Patent Validity Litig., 472 F. Supp. 170 (D.C. Fla. 1979); Kendall-Jackson Winery v. Superior Court, 76 Cal. App. 4th 970, 978 (1999); Lynn v. Duckel, 46 Cal. 2d 845 (1956); Windsurfing Int'l, Inc. v. AMF, Inc., 782 F.2d 995 (Fed. Cir. 1986).

1
2
3
4
5
6
7
8
9
10
11
**DAMAGES INSTRUCTIONS**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 63 -

1

2

**JURY INSTRUCTION NO. 62**

**<u>Damages - Introduction</u>**[61]

3       I will now instruct you on damages.  It is the duty of the Court to instruct you about the

4   measure of damages.  By instructing you on damages, the Court does not mean to suggest for

5   which party your verdict should be rendered.

6       If you find for Verity on a particular claim, you must determine its damages.  Damages

7   means the amount of money which will reasonably and fairly compensate Verity for any injury

8   you find was caused by Inxight for a particular claim.  You should also consider the following

9   further instructions I will give you.

10      Verity has the burden of proving its damages by a preponderance of the evidence, and it is

11  for you to determine what damages, if any, have been proved.  Once the fact of damages has been

12  proven, the amount of the damages may be shown with proof of a lesser degree of certainty than

13  is required to establish the fact of damage.[62]

14      Your award must be based upon evidence and not upon speculation, guesswork or

15  conjecture.  Verity is not entitled to recover damages which are speculative, remote, imaginary,

16  contingent, or merely possible.[63]  If you decide to award compensatory damages, you should be

17  guided by dispassionate common sense.  Computing damages may be difficult, but you must not

18  let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not

19  require that Verity prove the amount of its losses with mathematical precision, but only with as

20  much definiteness and accuracy as the circumstances permit.[64]

21

22

23

24

---

[61]   Ninth Circuit Model Jury Instruction Civil No. 7.1 ("Damages—Proof"), modified as shown.

[62]   Short v. Riley, 150 Ariz. 583, 724 P.2d 1252, 1255 (Ariz. App. 1986), cited with approval by Rosenberg v. Sears, Roebuck and Co., 57 F.3d 1078, **2 (9th Cir. 1995).

[63]   Lueter v. State of California, 94 Cal. App. 4th 1285, 1303 (2002);  Calif. Civil Code sections 3301, 3336;  Scott v. Pacific Gas & Electric Co., 11 Cal. 4th 454, 473 (1995);  McDonald v. John P. Scripps Newspaper, 210 Cal. App. 3d 100, 104 (1989);  City of Commerce v. National Starch & Chem. Corp., 118 Cal. App. 3d 1, 13 (1981).

[64]   Devitt, Blackmar & Wolff, Federal Jury Instructions and Practice, §104.06 (4th ed., 1995 supp.).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 63**

**<u>Damages</u>**[65]

If you decide that the plaintiff has proved any of its claims against the defendant for breach of contract, you also must decide how much money will reasonably compensate the plaintiff for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put the plaintiff in as good a position as it would have been if the defendant had performed as promised.

To recover damages for any harm, Verity must prove:

1.    That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2.    That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

Verity also must prove by a preponderance of the evidence[66] the amount of its damages according to the following instructions.  It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.   Damages must be reasonable. Verity cannot recover a greater amount as damages than it could have gained by the full performance of the contract.[67]

---

65   Judicial Council of California Civil Jury Instructions – CACI 350 ("Introduction To Contract Damages"), modified as shown.

66   See Ninth Circuit Model Jury Instruction No. 7.1 – "Damages—Proof," stating applicable burden of proof for award of damages.

67   BAJI 10.90.

1

**JURY INSTRUCTION NO. 64**

2

**Nominal Damages**[68]

3   The law which applies to this case authorizes an award of nominal damages.  If you find

4 for Verity but you find that Verity has failed to prove damages as defined in these instructions,

5 you must award nominal damages.  Nominal damages may not exceed one dollar.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

68 Chew v. Gates, 27 F.3d 1432, 1437 (9th Cir. 1994) (Section 1983 action), cert. denied, 513 U.S. 1148 (1995); Parton v. GTE North, Inc., 971 F.2d 150, 154 (8th Cir. 1992) (Title VII action).

1

**JURY INSTRUCTION NO.  65**

2

**Copyright—Damages (17 U.S.C. § 504)**[69]

3       If you find for Verity on Verity's copyright infringement claim, you must determine

4  Verity's damages.  Verity is entitled to recover the actual damages suffered as a result of the

5  infringement.  Actual damages include the profits lost by Verity and any diminution in the market

6  value of the copyright.

7       In addition to actual damages, Verity is also entitled to recover any of Inxight's profits

8  attributable to the infringement.  However, you may not include in an award of Inxight's profits

9  any amount that you have taken into account in determining actual damages.

10       Verity must prove damages by a preponderance of the evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[69] Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.22.

1

**JURY INSTRUCTION NO. 66**
**Copyright—Damages—Actual Damages (17 U.S.C. § 504(B))**[70]

2

3       Verity is entitled to recover the actual damages suffered as a result of the infringement.

4   "Actual damages" means the amount of money adequate to compensate Verity for the reduction

5   of the market value of its copyrighted works caused by the infringement.  The reduction in the

6   market value of the copyrighted work is the amount a willing buyer would have been reasonably

7   required to pay to a willing seller at the time of the infringement for the use made by Inxight of

8   Verity's works.  This can be measured by the profits lost by Verity or the diminution in value of

9   the copyright.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [70] Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.23.

**JURY INSTRUCTION NO. 67**

**Copyright—Damages—Defendant's Profits (17 U.S.C. § 504(B))**[71]

In addition to actual damages, Verity is entitled to any profits of Inxight attributable to the infringement.  You may not include in an award of profits any amount that you took into account in determining actual damages.

Inxight's profit is determined by subtracting all expenses from Inxight's gross revenue.

Inxight's gross revenue is all of Inxight's receipts from the use or sale of a product containing or using Verity's copyrighted work.  Verity has the burden of proving Inxight's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing Inxight's gross revenue.  Inxight has the burden of proving its expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  Inxight has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.

---

[71] Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.24.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 68**

**Copyright Damages—Statutory Damages—Willful Infringement—Innocent Infringement (17 U.S.C. § 504(C))**[72]

Verity also seeks a statutory damage award, established by Congress for each work infringed, regardless of the number of infringements of each work.  Its purpose is to penalize the infringer and deter future violations of the copyright laws.  You may award as statutory damages an amount that you feel is just under the circumstances, provided that amount is not less than $750, nor more than $30,000 per work you conclude was infringed.  In this case, Verity contends that Inxight infringed five of Verity's works and contends that $150,000.00 would be just.

[72] Ninth Circuit Manual of Model Jury Instructions (Civil) No. 20.25.

1

2

## JURY INSTRUCTION NO. 69

### Modification Of Instruction When Willful Infringement Alleged[73]

3

4

5

Verity contends that Inxight willfully infringed Verity's copyrights.  If Verity proves willful infringement by a preponderance of the evidence, you may, but are not required to, increase the statutory damages for infringement of that work to a sum as high as $150,000.

6

7

An infringement was willful when Inxight engaged in acts that infringed the copyright, and knew that those actions may infringe the copyright.

8

9

10

11

12

Although neither the Copyright Act nor its legislative history defines "willful," the Ninth Circuit defined willful as the defendant's "knowledge that the defendants' conduct constituted an act of infringement."[74]  To refute evidence of willful infringement, the defendant must "not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief."[75]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

73 Ninth Circuit Manual of Model Jury Instructions (Civil) Modification.

74 See Peer Int'l. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1335-36 n. 3 (9th Cir.1990).

75 Id. at 1336 (a defendant who ignored the revocation of its license to a copyrighted work and continued to use the work after the revocation, willfully infringed that work).  See also Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 293 (9th Cir.1997) ("Willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement."), rev'd on other grounds, Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998).

1

2    Dated:  January 12, 2006

3    ORRICK, HERRINGTON & SUTCLIFFE        MANATT, PHELPS & PHILLIPS, LLP
     LLP
4

5                /s/ I. Neel Chatterjee                    /s/ Christopher L. Wanger
6    ────────────────────────────        ────────────────────────────
              I. Neel Chatterjee                        Christopher L. Wanger
            Attorneys for Defendant                     Attorneys for Plaintiff
7          INXIGHT SOFTWARE, INC.                          VERITY, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28